UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MATTHEW HERRICK,

Plaintiff,

v.

GRINDR, LLC

Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Index No.

**NOTICE OF REMOVAL**

Defendant Grindr LLC ("Grindr"), by its attorneys, Bryan Cave LLP, states as follows:

1. By this Notice of Removal, Grindr exercises its rights under the provisions of 28 U.S.C. § 1441, *et. seq.,* to remove this action from the Supreme Court of the State of New York, New York County.

2. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action is one which may be removed by Grindr because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs, and there is complete diversity of citizenship among the parties.

3. On January 27, 2017, Matthew Herrick ("Plaintiff") commenced a civil action in the Supreme Court of the State of New York, New York County, purporting to bring an action against Grindr by filing a Summons and Verified Complaint ("Complaint"). A copy of the Summons and Complaint are annexed hereto as Exhibit 1.

4. Together with his Complaint, Plaintiff filed a proposed order to show cause and accompanying papers, seeking immediate relief. Specifically, Plaintiff filed the following, attached hereto as Exhibits 2-6: Affirmation of Carrie Goldberg; Affidavit of Matthew Herrick;

-1-

Memorandum of Law in Support; Proposed Order to Show Cause; and Request for Judicial Intervention.

5. The Honorable Kathryn Feed, Justice of the New York County Supreme Court, entered an Ex Parte Order to Show Cause and Restraining Order ("Ex Parte Order"), dated January 27, 2017, filed January 30, 2017, and attached hereto as Exhibit 7.

6. Plaintiff's counsel filed an Affidavit of Service relating to the Ex Parte Order on February 2, 2017. The Affidavit of Service is attached as Exhibit 8.

7. Plaintiff alleges in the Complaint that he is a resident of New York State and lives and works in New York County. (Compl. ¶ 2.)

8. Plaintiff alleges that Grindr is "organized in the state of California and has its principle [sic] place of business in West Hollywood, California." (Compl. ¶ 3.) Grindr further states that its members, KL Grindr Holdings Inc. and Grindr Holding Company, are Delaware corporations. Accordingly, Grindr is a citizen of Delaware for purposes of diversity jurisdiction. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990); *see also* 28 U.S.C. § 1332. Thus, there is complete diversity of citizenship within the meaning of 28 U.S.C. § 1441, *et. seq.* between and among the parties to this action.

9. Plaintiff alleges that "Grindr's product and services have facilitated the attempted rape and murder scheme brought by a Grindr user against Plaintiff." (Compl. ¶ 1.) Plaintiff seeks unspecified "increased" monetary damages, punitive damages and attorneys' fees for negligence, violations of N.Y. G.B.L. §§ 349, 350 and 350-a, intentional infliction of emotional distress, negligent infliction of emotional distress, failure to warn and negligent misrepresentation. Plaintiff additionally seeks non-monetary relief. (*See* Compl. ¶¶ 86, 99, Prayer for Relief.) Further, New York pleading rules allow for pleading of damages, generally, without specific amounts and therefore recovery may exceed any amounts listed in the

Complaint.  N.Y. C.P.L.R. § 3107(3).  Pursuant to 28 U.S.C.A. § 1446, the amount in controversy between the parties exceeds the sum of $75,000, exclusive of interests and costs.

10. The Notice of Removal is timely under 28 U.S.C. § 1446(b) in that it is made within thirty days of email service of the Complaint upon Grindr on January 27, 2017.

11. This Notice of Removal complies with 28 U.S.C. § 1446(a) and Rule 81.1 of the Local Rules of Civil Procedure for the United States District Court of the Southern District of New York in that it lists Plaintiff's residence and the place of citizenship of all of the individual and corporate defendants named in the action.

12. Written notice of the filing of the Notice of Removal shall be given to Plaintiff and a true copy of this Notice of Removal shall be filed with the Clerk of the Supreme Court of New York County, as provided by law.

13. By filing the Notice of Removal, Grindr does not waive any defenses, including, without limitation, lack of personal jurisdiction, improper venue or forum, any defenses specified in Fed. R. Civ. P. 12, or any other defense.

WHEREFORE, Grindr respectfully requests that this action be removed from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.

Dated:  New York, New York
        February 8, 2017

                                                BRYAN CAVE LLP
                                                /s/ Daniel P. Waxman
                                                Daniel P. Waxman
                                                Jacquelyn N. Schell
                                                1290 Avenue of the Americas
                                                New York, New York 10104
                                                dpwaxman@bryancave.com
                                                Jacquelyn.schell@bryancave.com
                                                (212) 541-2000
                                                *Attorneys for the Defendant*
                                                *Grindr, LLC*