UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW HERRICK,<br><br>    Plaintiff,<br><br>v.<br><br>GRINDR, LLC; KL GRINDR HOLDINGS, INC.; AND GRINDR HOLDING COMPANY,<br><br>    Defendants. | Case No. 1:17-cv-00932-VEC<br><br>ORAL ARGUMENT REQUESTED |

# KL GRINDR HOLDINGS INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

BRYAN CAVE LLP
1290 Avenue of the Americas
35th Floor
New York, NY 10021
*Attorneys for Defendant*
*KL Grindr Holdings Inc.*

1982558.5

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL ALLEGATIONS .................................................................................................... 2

LEGAL STANDARD................................................................................................................ 2

POINT I  THE COMPLAINT FAILS TO STATE A CLAIM AGAINST KL GRINDR ............ 3

    A.    The Complaint Impermissibly Attempts To Hold KL Grindr Liable Based On Its Status As A Member Of Grindr. ................................................................. 3

    B.    Plaintiff's Claims Against KL Grindr Fail For The Reasons Articulated In Grindr's Motion To Dismiss. ............................................................................... 5

    C.    Plaintiff's Attempt At Group Pleading Does Not Satisfy Rule 8(a). .................... 6

POINT II  THE COURT LACKS PERSONAL JURISDICTION OVER KL GRINDR ............. 6

    A.    Plaintiff Cannot Establish Jurisdiction Under New York Law............................. 7

        1.    General Jurisdiction ................................................................................. 7

        2.    Specific Jurisdiction ................................................................................. 9

    B.    Due Process Considerations Do Not Allow The Exercise Of Jurisdiction Over KL Grindr....................................................................................................9

CONCLUSION......................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**

*In re Aluminum Warehousing Antitrust Litig.*,
   90 F. Supp. 3d 219 (S.D.N.Y. 2015) .................................................................................. 3, 8, 10

*Arctic Ocean Int'l v. High Seas Shipping Ltd.*,
   622 F. Supp. 2d 46 (S.D.N.Y. 2009) .............................................................................................. 4

*Asahi Metal Indus., Co., Ltd. v. Superior Court of Cal., Solano Cnty.*,
   480 U.S. 102 (1987) ................................................................................................................... 10

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................................... 2

*Atuahene v. City of hartford*,
   10 Fed. App'x 33 (2d Cir. 2001) .................................................................................................... 6

*Barricade Books, Inc. v. Langberg*,
   No. 95 CIV. 8906 (NRB), 2000 WL 1863764 (S.D.N.Y. Dec. 19, 2000) ................................... 9

*Beach v. Citigroup Alternative Investments LLC*,
   No. 12 CIV. 7717 PKC, 2014 WL 904650 (S.D.N.Y. Mar. 7, 2014) ..................................... 3, 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................................. 2, 3

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2d Cir. 2007) .......................................................................................................... 9

*Celebrity Chefs Tour, LLC v. Macy's, Inc.*,
   No. 13-CV-2714 (JLS)(KSC), 2014 WL 1660724 (S.D. Cal. Apr. 25, 2014) ........................ 4, 5

*Compass Fin. Partners, L.L.C. v. Unlimited Holdings, Inc.*,
   No. CV 07-1964-PHX-MHM, 2008 WL 2945585 (D. Ariz. July 28, 2008) .............................. 8

*Continental Indus. Grp., Inc. v. Equate Petrochemical Co.*,
   586 Fed. App'x 768 (2d Cir. 2014) ................................................................................................ 6

*D & R Global Selections, S.L. v. Pineiro*,
   128 A.D.3d 486, 9 N.Y.S.3d 235 (1st Dep't 2015) ...................................................................... 7

*Daimler AG v. Bauman*,
   134 S.Ct. 746 (2014) ..................................................................................................................... 7

*Fillmore E. BS Fin. Subsidiary LLC v. Capmark Bank*,
   552 Fed. App'x 13 (2d Cir. 2014) .............................................................................................. 4, 5

*Fletcher v. Atex, Inc.*,
  68 F.3d 1451 (2d Cir. 1995) ........................................................................................................ 3

*Hanson v. Denckla*,
  357 U.S. 235 (1958) .................................................................................................................... 8

*Jazini v. Nissan Motor Co., Ltd.*,
  148 F.3d 181(2d Cir. 1998) ................................................................................................ 6, 7, 8

*Kalb, Voorhis & Co. v. American Fin. Corp.*,
  8 F.3d 130 (2d Cir.1993) ............................................................................................................ 3

*Licci ex rel. Licci v. Lebanese Canadian Bank,
  SAL*, 673 F.3d 50 (2d Cir.2012) ............................................................................................... 10

*Magdalena v. Lins*,
  123 A.D.3d 600, 999 N.Y.S.2d 44 (1st Dep't 2014) .................................................................. 7

*Mandel v. Busch Entm't Corp.*,
  215 A.D.2d 455, 626 N.Y.S.2d 270 (1995) ............................................................................... 7

*Medina v. Bauer*,
  No. 02 CIV. 8837 (DC), 2004 WL 136636 (S.D.N.Y. Jan. 27, 2004) ....................................... 6

*Mountain Funding, LLC v. Blackwater Crossing, LLC*,
  No. 3:05 CV 513 MU, 2006 WL 1582403, (W.D.N.C. June 5, 2006) ...................................... 8

*Norvel Ltd. v. Ulstein Propeller AS*,
  161 F. Supp. 2d 190 (S.D.N.Y. 2001) ........................................................................................ 3

*NovelAire Techs., L.L.C. v. Munters AB*,
  No. 13 Civ. 472 (CM), 2013 WL 6182938 (S.D.N.Y. Nov. 21, 2013) .................................... 10

*Ontel Prods., Inc. v. Project Strategies Corp.*,
  899 F. Supp. 1144 (S.D.N.Y. 1995) ....................................................................................... 8, 9

*V-E2, LLC v. Callbutton, LLC*,
  No. 3:10 CV 538, 2012 WL 6108245 (W.D.N.C. Dec. 10, 2012) ............................................. 8

*Verragio, Ltd. v. Malakan Diamond Co.*,
  No. 16 Civ. 4634 (CM), 2016 WL 6561384 (S.D.N.Y. Oct. 20, 2016) ................................. 6, 7

*Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*,
  751 F.2d 117 (2d Cir.1984) ........................................................................................................ 8

*Walsh v. Kindred Healthcare*,
  798 F. Supp. 2d 1073 (N.D. Cal. 2011) .................................................................................. 4, 5

-iv-

**Other Authorities**

47 U.S.C. § 230(e)(3) (2014) ............................................................................................................ 5

Cal. Corp. Code § 17703.04 (2014) .............................................................................................. 4, 5

Fed. R. Civ. P. 8(a) .......................................................................................................................... 6

Fed. R. Civ. P. 12(b)(2) .................................................................................................................... 3

Fed. R. Civ. P. 12(b)(6) .................................................................................................................... 2

N.Y. C.P.L.R. § 301 (McKinney 2010) ............................................................................................ 6

N.Y. C.P.L.R. § 302 (McKinney 2010) ......................................................................................... 6, 9

## **PRELIMINARY STATEMENT**

For no articulated reason, Plaintiff's First Amended Complaint ("Complaint") attempts to extend his already unsupportable claims against Grindr LLC ("Grindr") to the two corporate members, KL Grindr Holdings Inc. ("KL Grindr") and Grindr Holding Company ("GHC"). Without explanation, Plaintiff simply groups the three separate entities—along with the dating application operated by Grindr—into a single defined term. *See* Compl. ¶ 1. Plaintiff's claims against KL Grindr are a frivolous attempt to hold a member liable for the acts of the limited liability company, in violation of the California Uniform Limited Liability Company Act under which Grindr was formed.

Even if KL Grindr could be held liable for actions of Grindr based solely on its membership in the LLC, Plaintiff fails to state any viable claim for relief against any of the Defendants for the reasons articulated in Grindr's Motion to Dismiss (Doc. 40-42) and GHC's Motion to Dismiss, both of which are incorporated by reference.

In addition, Plaintiff has not asserted any basis for this Court to exercise personal jurisdiction over KL Grindr. KL Grindr is a Delaware corporation with its principal place of business in China. It does not have any employees, offices, real estate, or other physical presence in New York. It also does not transact business in New York or have any other "continuous and systematic" connections with the State.

As Plaintiff has not alleged any viable claim or theory of relief against KL Grindr or any basis for personal jurisdiction over KL Grindr, the Complaint should be dismissed with prejudice, in its entirety, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

## FACTUAL ALLEGATIONS

The Complaint makes only one specific allegation relating to KL Grindr, from which Plaintiff attempts to hold KL Grindr liable for a host of claims:

> Defendants Grindr LLC, KL Grindr Holdings, Inc., and Grindr Holding Company (collectively "Grindr") own, maintain and control [the Grindr App].

Compl. ¶ 1.[1]  This conclusory statement is not supported by any factual allegations that would allow the Court to ignore the corporate separateness of Grindr and its members.

KL Grindr is "incorporated under the laws of Delaware with a principal place of business in China."  Compl. ¶ 17.  Without explanation, Plaintiff asserts that "Defendants are subject to the personal jurisdiction of the Southern District of New York."  *Id.* at ¶ 19.  The Declaration of Wei Zhou ("KL Grindr Dec."), filed in support of this motion, demonstrates that KL Grindr does not have any contacts with the State of New York that could give rise to jurisdiction.  KL Grindr does not transact business in New York and has not entered into a contract for the supply of goods or services in New York.  KL Grindr Dec. ¶ 6.  It does not have any employees, offices, real estate, operations, bank accounts, or physical presence in New York and does not have any regular or recurring contacts with New York.  *Id.*

## LEGAL STANDARD

In reviewing motions to dismiss under Rule 12(b)(6), the Court should determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint must "plead[] factual content"—more than "[t]hreadbare recitals of the elements" or "conclusory statements"—that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court must accept all well-pleaded

---

[1] The only other allegation specific to KL Grindr is that it is a member of Grindr.  *Id.* at ¶ 16.

facts as true, it need not accept as true legal conclusions, and "a formulaic recitation of the elements of a cause of action will not do…." *Twombly*, 550 U.S. at 555.

On a motion to dismiss under Rule 12(b)(2), the plaintiff bears the burden of demonstrating that the court has personal jurisdiction over the defendant. *Beach v. Citigroup Alternative Investments LLC*, No. 12 CIV. 7717 PKC, 2014 WL 904650, at *5 (S.D.N.Y. Mar. 7, 2014). To survive such a motion, the plaintiff must "make a prima facie showing through its pleadings and affidavits that jurisdiction exists." *Norvel Ltd. v. Ulstein Propeller AS*, 161 F. Supp. 2d 190, 199 (S.D.N.Y. 2001) (citations omitted). While a plaintiff's pleadings "are construed in the light most favorable to the plaintiff," a court "will not, however, accept legally conclusory assertions or draw argumentative inferences." *In re Aluminum Warehousing Antitrust Litig.*, 90 F. Supp. 3d 219, 229 (S.D.N.Y. 2015) (citations omitted). Finally, "a court may resolve disputed jurisdictional fact issues by reference to evidence outside the pleadings, such as affidavits." *Norvel Ltd.*, 161 F. Supp. 2d at 197 (citations omitted).

## POINT I

## THE COMPLAINT FAILS TO STATE A CLAIM AGAINST KL GRINDR

**A.    The Complaint Impermissibly Attempts To Hold KL Grindr Liable Based On Its Status As A Member Of Grindr.**

All of the claims in the Complaint alleged against KL Grindr fail because they are based solely on KL Grindr's status as a member of Grindr and are therefore barred by California limited liability company law. "[U]nder New York choice of law principles, the law of the state of incorporation determines when the corporate form will be disregarded and liability will be imposed on shareholders." *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995) (quoting *Kalb, Voorhis & Co. v. American Fin. Corp.*, 8 F.3d 130, 132 (2d Cir.1993)). As Grindr is a

California limited liability company, California law governs whether KL Grindr may be liable for acts alleged against Grindr.

California law unequivocally states that a member of an LLC cannot be held liable for the "debts, obligations, or other liabilities of" the LLC "whether arising in contract, tort, or otherwise" solely by reason of the member acting as a member or manager acting as a manager for the LLC. Cal. Corp. Code § 17703.04; *Celebrity Chefs Tour, LLC v. Macy's, Inc.*, No. 13-CV-2714 (JLS)(KSC), 2014 WL 1660724, at *5 (S.D. Cal. Apr. 25, 2014).

Plaintiffs may overcome this rule only by invoking the alter ego doctrine, which in California requires specific factual allegations demonstrating: "(1) that there be such a unity of interest and ownership that the separate personalities of the corporation and individual no longer exist, and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow." *Celebrity Chefs Tour*, 2014 WL 1660724, at *5 (dismissing claim that included only conclusory statements of unity, without specific factual allegations in support); *Walsh v. Kindred Healthcare*, 798 F. Supp. 2d 1073, 1082–83 (N.D. Cal. 2011) (dismissing claim that alleged only unity of interest, without inequitable result absent intervention noting that "[c]onclusory allegations of alter ego status are insufficient"); *see also Fillmore E. BS Fin. Subsidiary LLC v. Capmark Bank*, 552 Fed. App'x 13, 15 (2d Cir. 2014) (affirming dismissal with prejudice alter ego claims based on "generalized and conclusory allegations" that were "essentially a recitation of the legal standard and are plainly insufficient to state a claim of alter ego status"); *Arctic Ocean Int'l v. High Seas Shipping Ltd.*, 622 F. Supp. 2d 46, 54-55 (S.D.N.Y. 2009) ("Plaintiff's conclusory allegations of domination and control are simply insufficient to withstand" a motion to dismiss alter ego claim).

Here, Plaintiff has not alleged any acts by KL Grindr, distinct from the acts of the LLC, that would give rise to liability. Plaintiff has not suggested that he intends to rely on an alter ego theory of liability or provided any factual allegations that would satisfy California's alter ego doctrine. Indeed, Plaintiff does not even reference Cal. Corp. Code § 17703.04 and proceeds as if it does not exist. The only specific allegation about KL Grindr (other than its citizenship) is that KL Grindr and the other Defendants "own, maintain and control" the Grindr App. Compl. ¶ 1. This conclusory allegation is far less specific than the allegations of alter ego found to be insufficiently pleaded in *Celebrity Chefs Tour*, *Walsh*, and *Fillmore*. It is entirely unsupported by factual allegations that would suggest KL Grindr is anything more than a member of Grindr.

Since Plaintiff has not alleged any acts for which KL Grindr could be held liable, the Complaint should be dismissed.

**B.  Plaintiff's Claims Against KL Grindr Fail For The Reasons Articulated In Grindr's Motion To Dismiss.**

Even if KL Grindr could be held liable for the actions of Grindr based solely on its membership in the LLC, Plaintiff's claims fail, as a matter of law, for the reasons stated in Grindr's Motion to Dismiss (Doc. 40-42), incorporated herein by reference. Plaintiff's claims are all barred as a matter of law by the Communications Decency Act ("CDA"), which provides immunity both from liability and from suit. *See* 47 U.S.C. § 230(e)(3) ("No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section."). Even if the claims were not barred by the CDA, Plaintiff has failed to allege facts setting forth any viable claim against any of the Defendants, for the reasons stated in Grindr's Motion.

### C. Plaintiff's Attempt At Group Pleading Does Not Satisfy Rule 8(a).

Finally, Plaintiff's claims fail because Plaintiff has not alleged any specific act by any specific Defendant, instead attempting to lump the Defendants together as one, in violation of Rule 8(a). *See* Fed. R. Civ. P. 8(a); *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy this minimum standard"); *Medina v. Bauer*, No. 02 CIV. 8837(DC), 2004 WL 136636, at *6 (S.D.N.Y. Jan. 27, 2004) ("lumping all the defendants together and failing to distinguish their conduct" failed to satisfy Rule 8 and "fail[ed] to give adequate notice to these defendants as to what they did wrong"); *see also* GHC Motion to Dismiss. As Plaintiff's attempt at group pleading is not permitted by Rule 8, the Complaint should be dismissed on this ground as well.

## POINT II

## THE COURT LACKS PERSONAL JURISDICTION OVER KL GRINDR

In diversity cases, courts apply the law of the forum state to determine whether personal jurisdiction exists. *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 183–84 (2d Cir. 1998). In federal courts in New York, the Court considers whether (1) the defendant is subject to either general personal jurisdiction under N.Y. C.P.L.R. § 301 or specific jurisdiction under New York's long-arm statute, N.Y. C.P.L.R. § 302; and (2) exercising personal jurisdiction over the defendant comports with the constitutional requirements of due process. *See, e.g., Verragio, Ltd. v. Malakan Diamond Co.*, No. 16 Civ. 4634 (CM), 2016 WL 6561384, at *2 (S.D.N.Y. Oct. 20, 2016).

Regardless of the theory of personal jurisdiction, Plaintiff must articulate some factual basis stating at least a *prima facie* claim of personal jurisdiction. *See Continental Indus. Grp.,*

*Inc. v. Equate Petrochemical Co.*, 586 Fed. App'x 768, 769 (2d Cir. 2014) (plaintiff "cannot establish jurisdiction through conclusory assertions alone" but must "establish[] jurisdiction with some factual specificity") (citation omitted); *Jazini*, 148 F.3d at 185 ("conclusory statements—without any supporting facts—that Nissan U.S.A. is 'wholly controlled' by Nissan Japan and 'wholly dependent' on Nissan Japan "for its business plan and financing" lack the factual specificity necessary to confer personal jurisdiction); *see also Mandel v. Busch Entm't Corp.*, 215 A.D.2d 455, 455, 626 N.Y.S.2d 270, 271 (1995) ("In this case, neither the complaint nor the plaintiffs' opposition papers have set forth even conclusory allegations regarding a prospective basis upon which the court could exercise in personam jurisdiction over the defendant."). The Complaint is devoid of any factual basis for jurisdiction over KL Grindr.

A. **Plaintiff Cannot Establish Jurisdiction Under New York Law.**

1. *General Jurisdiction*

Plaintiff has not alleged any facts that would suggest that New York courts have general jurisdiction over KL Grindr. Absent exceptional circumstances, general jurisdiction is appropriate in New York only if a company is incorporated in New York or has its principal place of business in New York. *Beach v. Citigroup Alternative Investments LLC*, No. 12 CIV. 7717 PKC, 2014 WL 904650, at *6 (S.D.N.Y. Mar. 7, 2014); *Magdalena v. Lins*, 123 A.D.3d 600, 601, 999 N.Y.S.2d 44, 45 (1st Dep't 2014) ("There is no basis for general jurisdiction pursuant to CPLR 301, since [defendant] is not incorporated in New York and does not have its principal place of business in New York"); *D & R Global Selections, S.L. v. Pineiro*, 128 A.D.3d 486, 487, 9 N.Y.S.3d 234, 235 (1st Dep't 2015) ("As defendant neither is incorporated in New York State nor has its principal place of business here, New York Courts may not exercise jurisdiction over it under CPLR 301."). General jurisdiction may also exist where a defendant's

"affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Verragio*, 2016 WL 6561384, at *2 (quoting *Daimler AG v. Bauman*, 134 S.Ct. 746, 751 (2014)).

Plaintiff has not alleged any basis for general jurisdiction over KL Grindr. *See* Compl. ¶ 19 (alleging without explanation that "Defendants are subject to the personal jurisdiction of the Southern District of New York"). Nor can he. KL Grindr is a Delaware corporation with its principal place of business in China. KL Grindr Dec. ¶ 3. It has no employees, offices, real estate, or other physical presence in New York. *Id.* at ¶ 6. It does not regularly transact business in New York or have any other "continuous and systematic" connections with the State. *Id.*

Plaintiff appears to assume that personal jurisdiction extends to KL Grindr by virtue of its membership in Grindr, a California LLC. This is incorrect. "In New York, the individual who owns a corporation is generally not subject to personal jurisdiction as a result of the corporation's activities unless (1) the corporate veil can be "pierced" or (2) the corporation acted as an agent for the owner." *Ontel Prods., Inc. v. Project Strategies Corp.*, 899 F. Supp. 1144, 1148 (S.D.N.Y. 1995) (citation omitted);[2] *see also In re Aluminum Warehousing*, 90 F. Supp. 3d at 234 ("Thus, that this Court may exercise personal jurisdiction over the LLC is not determinative of whether it may do so for [the parent company]"). As explained by the Second Circuit:

---

[2] Numerous District Courts have specifically refused to find personal jurisdiction over members of limited liability companies based solely on the LLC's amenability to jurisdiction. *See, e.g., Mountain Funding, LLC v. Blackwater Crossing, LLC*, No. 3:05 CV 513 MU, 2006 WL 1582403, at *2 (W.D.N.C. June 5, 2006) ("Instead, the members must have the requisite minimum contacts with the forum state independently of the limited liability company;" *citing Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *V-E2, LLC v. Callbutton, LLC*, No. 3:10 CV 538, 2012 WL 6108245, at *3 (W.D.N.C. Dec. 10, 2012) ("[P]ersonal jurisdiction over a limited liability company does not automatically extend to its members, as membership in an LLC is not sufficient in-and-of itself to confer personal jurisdiction over its members.") (citation omitted); *Compass Fin. Partners, L.L.C. v. Unlimited Holdings, Inc.*, No. CV 07-1964-PHX-MHM, 2008 WL 2945585, at *4 (D. Ariz. July 28, 2008) ("[T]he fact that Defendant is a member of a limited liability company that owns property in Arizona is not sufficient in itself to subject Defendant to personal jurisdiction.").

> Where, as here, the claim is that the foreign corporation is present in New York state because of the activities there of its subsidiary, the presence of the subsidiary alone does not establish the parent's presence in the state. For New York courts to have personal jurisdiction in that situation, the subsidiary must be either an "agent" or a "mere department" of the foreign parent.

*Jazini*, 148 F.3d at 184 (quoting *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.*, 751 F.2d 117, 120 (2d Cir. 1984)).

Plaintiff has not alleged any facts that would support piercing the corporate veil of Grindr or treating Grindr as KL Grindr's agent. Plaintiff has not even alleged that Defendants have failed to observe corporate formalities. The attached KL Grindr Declaration makes clear that KL Grindr observes corporate formalities and remains a separate entity from Grindr. KL Grindr Dec. ¶ 5. As a result, Plaintiff has alleged no basis for general jurisdiction over this Defendant.

### 2. Specific Jurisdiction

Plaintiff also does not allege any basis for specific jurisdiction under New York's long-arm statute or even articulate a subsection or legal theory under which he contends jurisdiction would be appropriate. Compl. ¶ 19. Plaintiff has not identified any business transacted by KL Grindr in New York or any tortious act committed by KL Grindr in New York or giving rise to injury in New York. *See* N.Y. C.P.L.R. § 302; *Barricade Books, Inc. v. Langberg*, No. 95 CIV. 8906 (NRB), 2000 WL 1863764, at *3 (S.D.N.Y. Dec. 19, 2000). The Complaint is similarly devoid of allegations that would suggest Grindr committed any such act as KL Grindr's agent. *See Ontel Prods.*, 899 F. Supp. at 1148.

**B. Due Process Considerations Do Not Allow The Exercise Of Jurisdiction Over KL Grindr.**

Since Plaintiff has not alleged any factual allegations demonstrating general or specific jurisdiction, the Court does not need to address whether due process considerations would allow for the exercise of jurisdiction over KL Grindr. *See Best Van Lines, Inc. v. Walker*, 490 F.3d

239, 244 (2d Cir. 2007) ("If jurisdiction is statutorily impermissible, of course, we need not reach the question of its constitutionality."). Nevertheless, it bears noting that the Due Process Clause forbids the exercise of jurisdiction over KL Grindr here.

To comply with constitutional due process standards, personal jurisdiction asks "whether the defendant purposefully established 'minimum contacts' in the forum State." *In re Aluminum Warehousing*, 90 F. Supp. 3d at 223–24 (quoting *Asahi Metal Indus., Co., Ltd. v. Superior Court of Cal., Solano Cnty.*, 480 U.S. 102, 108-09 (1987)). Due process also asks "whether the assertion of personal jurisdiction comports with 'traditional notions of fair play and substantial justice'—that is, whether it is reasonable to exercise personal jurisdiction under the circumstances of the particular case." *Id.* at 225 (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 60 (2d Cir.2012)).

Here, Plaintiff has not alleged any minimum contacts between KL Grindr and New York. The only known connection—KL Grindr's status as a member of an LLC—is far too attenuated to comport with notions of fair play and substantial justice. *See NovelAire Techs., L.L.C. v. Munters AB*, No. 13 Civ. 472 (CM), 2013 WL 6182938, at *12 (S.D.N.Y. Nov. 21, 2013) (holding that an ownership interest in a corporation is insufficient to satisfy the constitutional standards of minimal contacts); *In re Aluminum Warehousing*, 90 F. Supp. 3d at 234.

The plaintiff in *Aluminum Warehousing* argued for personal jurisdiction over various parent companies based primarily on their status as parents or members of an LLC. 90 F. Supp. 3d at 234. The court rejected this argument, disregarding conclusory allegations that the parents were "indistinguishable," because the defendants' declarations made clear that the parents were "separate corporate entit[ies]" that maintained corporate formalities distinguishing them from the subsidiaries that were amenable to jurisdiction. *Id.* at 234-35, 239. The court specifically

rejected plaintiff's "particularly confusing" attempt to refer to a parent-subsidiary pairing by using a single defined term and refused to consider these allegations sufficient. *Id.* at 237. Plaintiff's attempt here to refer summarily to Grindr, GHC, and KL Grindr as "Grindr" is equally unavailing, and his Complaint, which is completely devoid of specific allegations as to KL Grindr, is similarly insufficient to satisfy the due process prong of the jurisdictional analysis. The Complaint should be dismissed.

## CONCLUSION

For the reasons stated above, Grindr requests that Plaintiff's First Amended Complaint against KL Grindr Holdings Inc. be dismissed, in its entirety, with prejudice.

Dated: New York, New York
       May 24, 2017

BRYAN CAVE LLP

/s/ Daniel P. Waxman
Daniel P. Waxman
Jacquelyn N. Schell
Daniel H. Lewkowicz
1290 Avenue of the Americas
New York, New York 10104
DPWaxman@bryancave.com
Jacquelyn.Schell@bryancave.com
Daniel.Lewkowicz@bryancave.com
(212) 541-2000
*Attorneys for Defendant*
*KL Grindr Holdings Inc.*